**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Brian Prichard,                    )
                                   )
                    Petitioner,    )    Case No. 1:00-CV-301
                                   )
        vs.                        )
                                   )
Harry K. Russell, Warden,          )
                                   )
                                   )
                    Respondent.    )

O R D E R

This matter is before the Court on Petitioner Brian Prichard's objections to Magistrate Judge Hogan's order (Doc. No. 30) denying Petitioner's motion for an evidentiary hearing and Petitioner's objections to Magistrate Judge Hogan's Report and recommendation (Doc. No. 33). For the reasons that follow, Petitioner's objections are not well-taken and are **OVERRULED**. The Court **ADOPTS** Magistrate Judge Hogan's Report and Recommendations. Petitioner's motion for an evidentiary hearing (Doc. No. 25) is not well-taken and is **DENIED**; Petitioner's petition for a writ of habeas corpus (Doc. No. 1) is not well-taken and is **DENIED**.

Because Magistrate Judge Hogan provided a detailed description of both the procedural history of this case and the factual and procedural history of Petitioner's state court trial, conviction, and appeals in his report and recommendation (Doc.

No. 32), the Court will only give a summation of that history here.

As is relevant here, in November 1994, Petitioner was convicted in the Hamilton County, Ohio Court of Common Pleas for the murder of Larry Kincer. The trial court sentenced Petitioner to a term of imprisonment of fifteen years to life. On direct appeal to the Ohio Court of Appeals, Petitioner was represented by his trial counsel, Jack Rubenstein. Petitioner raised three assignments of error on direct appeal, but none regarding alleged ineffective assistance of trial counsel. The Ohio Court of Appeals affirmed Petitioner's conviction on direct appeal. See State v. Prichard, No. C-941001, 1996 WL 47191 (Ohio Ct. App. Feb. 7, 1996). Petitioner obtained new appellate counsel, Richard Cline, to handle his appeal to the Supreme Court of Ohio. On July 17, 1996, the Supreme Court of Ohio dismissed Petitioner's appeal as not involving any substantial constitutional question.

Petitioner then, again with the assistance of Mr. Cline, filed in the Court of Common Pleas a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21. In this petition, Petitioner alleged that trial counsel, Mr. Rubenstein, was ineffective for failing to fully inform him of plea discussions with the prosecution and for failing to request a jury instruction on the lesser included offense of manslaughter.

Petitioner also alleged that as appellate counsel, Mr. Rubenstein was ineffective for failing to raise the above two incidents of alleged ineffectiveness of trial counsel.  The Court of Common Pleas denied Petitioner's petition on the grounds of res judicata, finding that Petitioner could have raised these issues in the earlier proceedings.  The Ohio Court of Appeals actually considered the merits of Petitioner's claims, but nonetheless, on October 31, 1997, issued a memorandum decision and judgment entry affirming the decision of the trial court.  On February 18, 1998, the Supreme Court of Ohio again issued an entry declining to accept jurisdiction over Petitioner's appeal from the lower court.

       Petitioner subsequently obtained the assistance of attorney Brenda Popplewell, who represents Petitioner in this matter.  Petitioner then attacked his murder conviction on two fronts.  On June 29, 1998, Petitioner filed in the court of common pleas a motion for a new trial based on newly-discovered evidence of prosecutorial misconduct and perjury.  The "newly-discovered evidence" presented by Petitioner were the affidavits of three of his four co-defendants, who testified against Petitioner at trial.  In their affidavits, the co-defendants essentially recanted their trial testimony and claimed that the prosecutors coerced them into giving false testimony against Petitioner.  The trial court, however, for a number of reasons

found that the affidavits lacked credibility.  Therefore, the
trial court denied Petitioner's motion for a new trial.  The Ohio
Court of Appeals affirmed this decision, <u>State v. Prichard</u>, No.
C-990148, 1999 WL 1100139 (Ohio Ct. App. Nov. 26, 1999), and the
Supreme Court of Ohio again declined to accept jurisdiction over
the subsequent appeal.

At the same time the proceedings relating to his motion
for a new trial were pending, Petitioner filed a motion with the
Ohio Court of Appeals to reopen his direct appeal pursuant to
Ohio Rule of Appellate Procedure 26(B)(1).[1]  In this motion,
Petitioner alleged that Mr. Rubenstein, his attorney at trial and
on direct appeal, was ineffective for failure to raise certain
other ineffective assistance of trial counsel claims on direct
appeal.  The court of appeals denied Petitioner's motion to
reopen his direct appeal because he filed it more than ninety
days after the journalization of the judgment on direct appeal

---

[1]    Ohio Appellate Rule 26(B)(1) provides:

A defendant in a criminal case may apply for reopening
of the appeal from the judgment of conviction and
sentence, based on a claim of ineffective assistance of
appellate counsel.  An application for reopening shall
be filed in the court of appeals where the appeal was
decided within ninety days from journalization of the
appellate judgment unless the applicant shows good
cause for filing at a later time.

and did not show good cause for filing the motion out of time.[2]
The Supreme Court of Ohio again declined jurisdiction over
Petitioner's appeal from the court of appeals' denial of his Rule
26(B)(1) motion.

Then, on April 12, 2000, pursuant to 28 U.S.C. § 2254,
Petitioner filed the instant petition for a writ of habeas
corpus, raising six grounds for relief: 1) he met the
requirements for good cause to reopen his direct appeal under
Ohio App. R. 26(B) and Ohio courts apply Rule 26(B) arbitrarily,
thereby denying him due process pursuant to the Fifth, Sixth, and
Fourteenth Amendments; 2) he can show cause and prejudice for
relief on any procedurally defaulted claims, namely, the
ineffective assistance of trial and appellate counsel; 3) he was
denied due process under the Fifth, Sixth, and Fourteenth
Amendments when appellate counsel failed to raise viable issues
relating to good cause to re-open his direct appeal; 4) he was
denied due process under the Fifth, Sixth, and Fourteenth
Amendments when the trial court failed to grant a directed
verdict due to the insufficiency of the evidence and improperly
instructed the jury on transferred intent and complicity; 5) he
was denied due process of law under the Fifth, Sixth, and
Fourteenth Amendments because of prosecutorial misconduct

---

[2]    Petitioner's motion, in fact, was filed more than two
years after the journalization of the judgment on direct appeal.

allegedly involving perjury, coerced testimony, and manufactured evidence; and 6) he meets the standard of actual innocence and thus none of his claims are procedurally barred.

Respondent filed an Answer and Supplemental Appendix to Petitioner's petition on November 3, 2000 (Doc. Nos. 22 & 23) and Petitioner filed his Traverse on January 13, 2001 (Doc. No. 24). Plaintiff filed a motion for an evidentiary hearing on January 26, 2001 (Doc. No. 25). Magistrate Judge Hogan, however, concluded that an evidentiary hearing was not required on claims one through three because they could be decided without resolving the underlying factual allegations surrounding the alleged ineffectiveness of trial and appellate counsel. Magistrate Judge Hogan concluded that Petitioner was not entitled to an evidentiary hearing on claims four and five because he "failed to forecast any evidence beyond that already contained in the record, or otherwise to explain how his claim would be advanced by an evidentiary hearing." See Doc. No. 30, at 5 (quoting Cardwell v. Greene, 152 F.3d 331, 338 (4th Cir. 1998), overruled on other grounds, Bell v. Jarvis, 236 F.3d 149 (4th Cir. 2000)). In other words, Magistrate Judge Hogan found that the record was sufficiently complete to adjudicate these claims without an evidentiary hearing. Petitioner then filed objections to this ruling. See Doc. No. 31.

On November 16, 2001, Magistrate Judge Hogan issued a

Report and Recommendation (Doc. No. 32) which found that
Petitioner's petition for a writ of habeas corpus should be
denied.  Judge Hogan found that the state court of appeals'
decision that Petitioner did not show good cause for reopening
his direct appeal was not contrary to nor involved an
unreasonable application of Supreme Court precedent.  Judge Hogan
found that the court of appeals was not unreasonable in finding
that Petitioner failed to show good cause to reopen his direct
appeal when it was filed more than two years after the original
decision was journalized.  Judge Hogan further found that the
court of appeals was not unreasonable when it found that
Petitioner failed to show cause for taking more than ninety days
to file the motion to reopen upon retaining current counsel.[3]  In
any event, Judge Hogan found that the court of appeals was not
unreasonable in finding that Petitioner's explanations were
insufficient to establish good cause.  Judge Hogan noted that
trial counsel is not expected to raise his own alleged
ineffectiveness on direct appeal and that new appellate counsel
appropriately utilized the state post-conviction procedures to
address the alleged ineffectiveness of trial counsel.  Finally,
Judge Hogan found that Petitioner failed to adduce any facts

---

[3]     In other words, assuming the failure to file the motion
to reopen the appeal in the previous two years could be excused,
Petitioner failed to show why he could not have filed the motion
to reopen within ninety days of retaining new counsel.

showing that Ohio courts apply Rule 26(B) arbitrarily.  See Doc.
No. 32, at 10-21.

Magistrate Judge Hogan then addressed arguments two and
three referenced above together.  Judge Hogan again noted that
trial counsel could not reasonably be expected to raise his own
ineffectiveness on direct appeal and that subsequent appellate
counsel pursued the appropriate avenue of relief for ineffective
assistance of trial counsel claims by utilizing the state post-
conviction process.  According to Judge Hogan, because Petitioner
failed to show that he was denied effective assistance of counsel
on direct appeal or in the state post-conviction proceedings, he
was not entitled to habeas relief.  Id. at 21-23.

Magistrate Judge Hogan next rejected Petitioner's
challenge to the sufficiency of the evidence and his contention
that the trial judge erroneously instructed the jury on
transferred intent and complicity.  Judge Hogan summarized all of
the evidence adduced against Petitioner at trial and found that
it was sufficient for a jury to find that Petitioner actively
participated in and had the requisite intent to murder Larry
Kincer.  Judge Hogan also found that the trial court consistently
and clearly instructed the jury a number of times that to find
Petitioner guilty of murder, it must find that Petitioner
purposefully caused the death of Larry Kincer.  Finally, Judge
Hogan found that the trial judge appropriately instructed the

jury on complicity and that the evidence was sufficient regarding Petitioner's complicity in Kincer's murder.  See id. at 25-26.

Magistrate Judge Hogan next found that Petitioner was not entitled to relief on his claim of prosecutorial misconduct. Judge Hogan first noted that to the extent that Petitioner claims that the trial court and court of appeals misapplied state law in denying his motion for a new trial, the claim raises only issues of state law not reviewable in a federal habeas proceeding.  In reviewing this claim, Judge Hogan was unsure whether the Court even has jurisdiction to review claims that the state court committed constitutional error in collateral post-conviction proceedings.  Judge Hogan, however, concluded that even if the Court has jurisdiction to consider constitutional claims arising out of state post-conviction proceedings, the state courts reasonably rejected Petitioner's newly discovered evidence as not being credible.  See Doc. No. 32, at 36-48.  Finally, along the same lines, Magistrate Judge Hogan rejected Petitioner's claim of actual innocence, and, as a consequence, found that Petitioner could not obtain review of any procedurally defaulted claims. Id. at 49-50.

Petitioner then filed objections to Magistrate Judge Hogan's Report and Recommendation (Doc. No. 33) which, as Respondent points out, essentially replow the same ground as his original petition.  This Court reviews de novo a magistrate

judge's report and recommendation that a petition for a writ of habeas corpus be denied. <u>Mira v. Marshall</u>, 806 F.2d 636, 637 (6th Cir. 1986). Upon <u>de novo</u> review of the pleadings and the record, the Court agrees with the analysis and conclusions in Magistrate Judge Hogan's excellent Report and Recommendation in their entirety. Accordingly, the Court **OVERRULES** Petitioner's objections and **ADOPTS** the Report and Recommendation. The Court does pause, however, to address separately some of the individual issues raised by Petitioner's petition.

First, the Court concurs with Magistrate Judge Hogan's conclusion that an evidentiary hearing was not required on claims one through three because, as explained further below, they can be decided without having to resolve any factual issues. <u>Vroman v. Brigano</u>, 346 F.3d 598, 606 (6th Cir. 2003)("[A] federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.")(quoting <u>Rector v. Johnson</u>, 120 F.3d 551, 562-63 (5th Cir. 1997)). Furthermore, an evidentiary hearing is not required with respect to Petitioner's newly-discovered evidence because he has failed to show how a hearing would further the claims which are based on this evidence. <u>Cardwell</u>, 154 F.3d at 338; <u>Campbell v. Vaughn</u>, 209 F.3d 280, 287 (3rd Cir. 2000) ("[F]ederal courts have

10

discretion to grant a hearing or not.  In exercising that
discretion, courts focus on whether a new evidentiary hearing
would be meaningful, in that a new hearing would have the
potential to advance the petitioner's claim."); <u>Williams v.
Woodford</u>, 306 F.3d 665, 668 (9th Cir. 2002).

Because he was also trial counsel, Petitioner's first
appellate counsel, Mr. Rubenstein, was not required to raise his
own alleged ineffectiveness at trial on direct appeal to the Ohio
Court of Appeals.  See <u>Massaro v. United States</u>, 123 S. Ct. 1690,
1694-95 (2003); <u>see</u> <u>also</u> <u>Buell v. Mitchell</u>, 274 F.3d 337, 359
(6th Cir. 2001); <u>State v. Lentz</u>, 639 N.E.2d 784, 785 (Ohio 1994).
In other words, Mr. Rubenstein was not ineffective as appellate
counsel by failing to raise on direct appeal his own alleged
ineffectiveness as trial counsel.  Thus, Petitioner was not
denied effective assistance of counsel on direct appeal.

Because Mr. Rubenstein could not have been ineffective
as appellate counsel for failure to raise his own alleged
ineffectiveness as trial counsel, the rule in <u>State v. Murnahan</u>,
584 N.E.2d 1204, at syl. 1-3 (Ohio 1992),[4] did not apply and Mr.
Cline, as subsequent appellate counsel, was not ineffective for
pursuing ineffective assistance of trial counsel claims through

---

[4]    <u>Murnahan</u> held that ineffective assistance of appellate
counsel claims must be raised either in a motion for
reconsideration with the court of appeals, in a direct appeal to
the Supreme Court of Ohio, or via a Rule 26(B) motion to reopen
the direct appeal.

the state post-conviction process rather than filing a Rule 26(B) motion to reopen Petitioner's direct appeal.  During the state post-conviction proceedings, Petitioner was not entitled to effective assistance of counsel even though this was the first venue in which he could have properly raised ineffective assistance of trial counsel claims.  <u>Gulertekin v. Tinnelman-Cooper</u>, 340 F.3d 415, 425-26 (6th Cir. 2003).  Therefore, even assuming there were many other viable ineffective assistance of trial counsel claims that Mr. Cline could have raised but did not, Petitioner suffered no constitutional deprivation during the state post-conviction proceedings.  Magistrate Judge Hogan's conclusion that Petitioner was not denied effective assistance of appellate counsel at any point is correct.

The Court also concurs in Magistrate Judge Hogan's conclusion that the state courts did not apply Rule 26(B) in an inconsistent or arbitrary manner in Petitioner's case.  <u>See</u> Doc. No. 32, at 19-21.  As Judge Hogan's Report and Recommendation indicates, not only was Petitioner's Rule 26(B) motion filed two years too late, he failed to make any colorable showing that he was denied effective assistance of appellate counsel.  Therefore, as Judge Hogan found, the court of appeals' decision that Petitioner failed to show good cause to reopen his appeal was not unreasonable.

Finally, the Court addresses Petitioner's contention

12

that newly-discovered evidence shows that he is actually innocent of the murder of Larry Kincer.  As stated above, the newly discovered evidence consists of the affidavits of some of Petitioner's co-defendants.  In these affidavits, the co-defendants recant their trial testimony and contend they were coerced by the prosecution into testifying falsely against Petitioner.  The Court agrees with Magistrate Judge Hogan's assessment of these claims.  To the extent that Petitioner claims that the state courts erred in concluding that the new affidavits were insufficient to grant Petitioner's motion for a new trial, he raises an issue of state law which is not reviewable in a federal habeas proceeding.  Vroman v. Brigano, 346 F.3d 598, 604 (6th Cir. 2003).

    To the extent that this claim implicates constitutional issues, the state courts' rejection of these affidavits was not contrary to and did not involve an unreasonable application of Supreme Court precedent, nor was it based on an unreasonable determination of the facts in light of the facts presented to the state court.  As the Supreme Court indicated in Herrera v. Collins, 506 U.S. 390, 417 (1992), motions for a new trial based solely on affidavits are inherently suspect because they are obtained without cross-examination or the opportunity to make credibility determinations.  Furthermore, prisoners often abuse new trial motions as a way to delay the enforcement of just

13

sentences.  Id.  As Magistrate Judge Hogan pointed out in his
Report and Recommendation, the state courts had a well-founded
basis for finding that the affidavits submitted by Petitioner
lacked credibility.  They were submitted more than four years
after Petitioner's conviction and then only after Petitioner's
current counsel made contact with the affiants.  Therefore, the
timing of the "discovery" of the affidavits is suspect.
Furthermore, the affidavits are couched in waffling or equivocal
language, lack specific details regarding alleged examples of
police or prosecutorial misconduct, and, in some instances, are
internally inconsistent.  See Doc. No. 32, at 46-48.  In light of
these shortcomings, the state courts' rulings were not
unreasonable applications of Herrera, see Herrera, 506 U.S. at
417-19, nor were these determinations unreasonable in light of
the evidence presented.

     Finally, as Magistrate Judge Hogan pointed out in his
Report and Recommendation, the same defects in the affidavits
compel the conclusion that Petitioner has failed to establish a
colorable claim of actual innocence such that he could obtain
review of any procedurally defaulted claims.

     Accordingly, for the reasons stated, Petitioner's
objections to Magistrate Judge Hogan's order denying an
evidentiary hearing and his objections to Magistrate Judge
Hogan's Report and Recommendation are not well-taken and are

**DENIED**.  Petitioner's motion for an evidentiary hearing is not well-taken and is **DENIED**.  Petitioner's petition for a writ of habeas corpus is not well-taken and is **DENIED**.

The Court will not issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right that is remediable in this proceeding.  <u>See</u> 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  The Court hereby **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith; therefore, the Court will not grant any request by Petitioner to proceed <u>in forma pauperis</u> on appeal.  <u>See</u> Fed. R. App. P. 24(a).  This action is **CLOSED**.

**IT IS SO ORDERED**

Date___February 9, 2004_____          ___s/Sandra S. Beckwith_____
                                          Sandra S. Beckwith
                                     United States District Judge

15